IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

REGINALD C. JONES,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner, Social Security Administration,

Defendant.

Civ. No. 1:12-cv-01249-AC

FINDINGS AND RECOMMENDATION

ACOSTA, Magistrate Judge:

The Commissioner moves for dismissal of Claimant Reginald C. Jones's ("Jones") complaint seeking judicial review of the final decision of the Commissioner denying his application for benefits pursuant to Titles II and XVI of the Social Security Act. The Commissioner contends that Jones filed his civil complaint after the deadline for doing so had passed. Jones, proceeding pro se, did not respond to this motion. For the reasons stated, the Commissioner's motion should be

granted.

*Background*

In a May 18, 2011, administrative decision, Jones's application for benefits was denied. (Weigel Declaration ("Decl."), Exhibit 1.) Jones requested review by the Appeals Council, which request was denied. (Weigel Decl., Ex. 2.) A "Notice of Appeals Council Action" was mailed to Jones dated April 13, 2012. The notice advised Jones that his request had been denied and that, if he disagreed with the denial, Jones could request further review by filing a civil action. (Weigel Decl., Ex. 2 at 1-2.) The notice advised Jones specifically: (1) the civil action must be filed sixty days from receipt of the notice; (2) the notice is considered received five days after it was sent; and (3) the Appeals Council may grant extensions, if received in writing and justified by good cause. (Weigel Decl., Ex. 2 at 2-3.) Jones's civil complaint was filed in this court on July 11, 2012.

*Discussion*

The Social Security Act provides for judicial review of agency decisions and requires that the civil complaint be filed within sixty days of the Appeals Council mailing notice that it denies the claimant's request for review. 42 U.S.C. § 405(g)-(h) (2013). The regulations define the date of receipt as "5 days after the date on the notice," unless the claimant makes a showing that it was received later. 20 C.F.R. § 404.901 (2013). It follows that a claimant has sixty-five days to file a civil action challenging the administrative decision of the SSA, provided the claimant does not seek and receive an extension of time.

Here, the Appeals Council mailed the notice to Jones on April 13, 2012. Jones had until

sixty-five days later, June 18, 2012, to file his civil complaint.[1] Jones did not seek an extension and, accordingly, no extension was granted. Jones filed his complaint on July 11, 2012, twenty-three days after the deadline expired. The court sees no indication in the record that the deadline is subject to equitable tolling. Accordingly, Jones's complaint should be dismissed as untimely.

*Conclusion*

For the reasons stated, the Commissioner's motion to dismiss (#12) should be granted.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due June 17, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this3rd day of June, 2013.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge

[1] Sixty-five days from April 13, 2012, is June 17, 2012, a Sunday. The court, in an exercise of caution, extends the permissible time for filing to June 18, 2012, the first business day after the technical filing deadline.